FILED
SEP 29 2009
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50145-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ALLEXANDER KLYNSMA, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant is charged in a superseding indictment with one count of distribution of child pornography and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), 2253, 2252A(a)(5)(B), and 2256(8)(A). Docket #28. Defendant filed a motion to suppress. Docket #42. An evidentiary hearing was held before the magistrate judge on August 13, 2009. Docket #52. On August 20, 2009, the magistrate judge issued a report and recommendation, which recommended that defendant's motion to suppress be denied. Docket #55. Defendant timely filed objections to the magistrate's report and recommendation. Docket #57. The government filed a response to defendant's objections, arguing that the report and recommendation should be adopted by this Court. Docket #60.

The Court must review the magistrate judge's report and recommendation *de novo*, and make its own independent determination on the merits of defendant's motion

to suppress. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986). After examining the entire record with respect to defendant's motion, including the briefs, the transcript of the hearing, the magistrate judge's report and recommendation, and counsel's responses thereto, the Court will adopt the report and recommendation in its entirety. The Court will not endeavor to reproduce the magistrate judge's thoroughly researched and analyzed report and recommendation, which the Court agrees with in all material respects. However, the Court will respond individually to defendant's objections to the report and recommendation.

**A.     Factual Objections**

1. The Magistrate's findings fail to include the fact that Agent Boone testified: (1) that he was an experienced computer specialist who was fully aware of how wireless networks operated; (2) that they were commonly used by residential internet customers; and (3) that wireless networks allow numerous authorized and potentially unauthorized users to access the same IP address.

The subject of the presence or absence of a wireless device came up during the hearing. Docket #61 at 21, 25. Agent Boone testified that he was not aware of any wireless device connected to the IP address at issue. There is no evidence that Agent Boone's testimony was not truthful. The magistrate judge found Agent Boone's testimony on this issue to be credible. Defendant has provided no reason for this Court to conclude otherwise. Most importantly, the presence or absence of a wireless device had little if any bearing on the question of whether or not there was probable cause to

believe that child pornography would be found on the premises searched. If anything, this is an issue of fact to be raised at trial. As such, defendant's objection is overruled.

> 2. Contrary to the Magistrate's finding, the evidence shows that Agent Boone could have easily determined whether the residence on Ethan Court was using a wireless network since he was doing surveillance on the residence on September 5, 2008. At this time, he could have easily attempted to locate and log on to the home's wireless connection.

Defendant suggests that Agent Boone should have determined whether or not a wireless device was present prior to obtaining a search warrant. The burden is on defendant to show that Agent Boone recklessly or deliberately omitted material facts. United States v. Gladney, 48 F.3d 309, 313 (8th Cir. 1995). Defendant has offered no evidence to sustain this burden. Again, the presence or absence of a wireless device had little bearing on the question of whether or not there was probable cause to believe that child pornography would be found on the premises searched. Defendant's objection is overruled.

> 3. Contrary to the Magistrate's findings, Agent Boone never informed the Magistrate of this information despite his computer knowledge and training.

Agent Boone had no duty or obligation to inform the magistrate of this information. He testified that he did not know if a wireless device was present in the premises. The magistrate found this testimony to be credible. Moreover, defendant has failed to explain how information pertaining to a wireless device would have had any bearing on the question of whether or not probable cause existed to search the home in

question. If anything, a wireless device would have *expanded* the scope of the search. The objection is overruled.

> 4. Contrary to the Magistrate's findings, there was no credible evidence to establish that the Globally Unique Identifier (GUID) number linked to the video purportedly downloaded by Agent Boone matched the GUID number later found on Klynsma's desktop machine. Although both agents testified that they possessed forensic evidence showing this, the government failed to present any such evidence or reports documenting the same.

Both Agent Boone and Agent Barry testified that the GUID number of both the computer offering child pornography for download through a file-sharing program as well as the seized computer that contained child pornography matched. Docket #61 at 28-29, 47. The magistrate judge found this testimony to be credible. Defendant has offered no persuasive evidence to suggest that the magistrate's credibility finding was in error. The presence of forensic evidence confirming the matching GUID numbers is an issue of fact for trial and has no bearing on the question at issue with respect to a search warrant – i.e., whether or not there was probable cause to believe that child pornography existed on the premises searched. The objection is overruled.

> 5. Contrary to the Magistrate's findings, much more than one-half of Klynsma's interview with the agents was not recorded. The interview lasted approximately one hour and only the last seventeen minutes were recorded.

Precisely how much of the interview was recorded has no bearing on the magistrate judge's findings and recommendations on the questions of custody and voluntariness. The objection is overruled.

> 6. Contrary to the Magistrate's findings, the agents did provide false inducements to Klynsma, offering on numerous occasions to "get him help" and "do something for him" if he just "put things on the table." These promises are contained on the tape-recorded interview submitted as an exhibit by the government.

During the interview with law enforcement, defendant became visibly upset, crying at times, while discussing his addiction to child pornography. Defendant also made statements to the effect that he might be a danger to others. Docket #55 at 12. Defendant's emotional condition and statements led the agents to believe that he might be a danger to himself or others. Accordingly, the agents offered assistance in the form of hospitalization and followed through with transportation to a local medical facility for examination. The statements made by law enforcement appear to the Court to be genuine offers of help rather than false inducements. Moreover, defendant had already confessed to possessing child pornography prior to the agents' offers to help. Accordingly, the objection is overruled.

> 7. Contrary to the Magistrate's findings, Klynsma was ultimately not allowed to leave on his own free will since the officers refused to allow him to drive. Instead, they arranged a ride which Klynsma had no real choice but to accept. They then restrained him by placing him in a caged area of a police unit to be transported.

5

Defendant was not allowed to leave on his own free will because his emotional condition and statements led the agents to believe that he may be a threat to himself or to others, not because he was in custody. The only other restriction placed upon defendant was that he was not allowed to return home because the search warrant was being executed. These limitations did not amount to defendant being in custody at any point. The objection is overruled.

> 8. Contrary to the Magistrate's findings, Klynsma was not taken to a mental hospital but instead was taken to the emergency room where he talked with a doctor and was released after a few hours. He was left with instructions on how to schedule his own mental health appointment, which he did a week later.

This fact has no bearing on the magistrate's report and recommendation; the question of whether or not defendant was ever in custody; or the ultimate question of whether or not probable cause existed to justify the search warrant. Overruled.

> 9. Contrary to the Magistrate's findings, Klynsma did attempt to produce evidence that his computer was off and that Agent Boone must have lied when he testified that on September 14, 2008, he downloaded the video identified. Agent Barry testified the computer had an event log, which could have shown the last time the computer was operated and its use history, but Agent Barry had not looked at it nor could he produce it at the hearing. Thus, by inference, it is actually the government that has failed to contradict Klynsma's argument and the government who has failed to show that Agent Boone's testimony is credible.

There is no evidence that Agent Boone lied, and the magistrate judge found his testimony to be credible. Agent Boone testified that he did not examine the event log on defendant's computer. Defendant has proffered no evidence to suggest otherwise.

6

Whether or not the event log confirms or denies Agent Boone's testimony is an issue of fact for trial. It does not have any bearing on the current issue before the court – namely, whether or not the information relied upon by the judge who issued the search warrant supported a finding of probable cause to believe that child pornography existed in the searched premises. It is undisputed that Agent Boone did connect with a computer accessing the internet via the IP address associated with defendant's residence, and that that computer had child pornography on it. Based on the information contained in the affidavit in support of the search warrant, it was reasonable to believe that the offending computer would be found in defendant's residence. Thus, there was probable cause in support of the search warrant. The objection is overruled.

**B.   Legal Objections**

1. Contrary to the Magistrate's conclusion, the evidence related to the fact that Klynsma's computer was unplugged was, in fact, the evidence that supported the conclusion that Agent Boone lied about accessing the computer and downloading a video on September 15, 2008. Such evidence showed conclusively that Boone's testimony was impossible.

Again, this is an issue of fact for trial, and does not have significant bearing on the question of whether or not the search warrant was valid. The Court relies upon its response to defendant's Factual Objection #9 above. Overruled.

2. Contrary to the Magistrate's conclusion, Klynsma asserts that the search warrant affidavit failed to contain sufficient probable cause to support issuance of a warrant.

This is the ultimate question before the Court on defendant's motion to suppress.

For reasons stated both above and below, this objection is overruled.

> 3. Contrary to the Magistrate's conclusion, Klynsma did present evidence, through cross-examination of Agent Boone, that Agent Boone knew the process of a wireless network, knew it could permit unauthorized use of computers within a home from someone located outside the home, and that he never checked whether this residence had such a network, even though he could have during his surveillance at the residence.

This objection is overruled for the same reasons stated in response to defendant's Factual Objections #1-3.

> 4. Contrary to the Magistrate's conclusion, Klynsma asserts that he was in custody during the interrogation from Agent Boone and Agent Barry. At almost the outset of the interview, Klynsma indicated that he did not want to incriminate himself. In response, Agent Barry instructed him to "answer the damn question," which Klynsma perceived as an indication that the interview was going to take place regardless of his opinion and that he was not free to leave until he answered the agents' questions. As such, he was entitled to <u>Miranda</u> warnings.

This objection involves a credibility finding made by the magistrate judge. The magistrate implicitly found the testimony of law enforcement on this issue to be credible, and found defendant's testimony on this issue to be not credible. Based upon a review of the entire record, the Court agrees entirely with the magistrate's findings on this issue. Defendant was never in custody. The objection is overruled.

> 5. Contrary to the Magistrate's conclusion, Klynsma asserts that his statements were not voluntary and he felt pressured and forced to give incriminating statements. The agents did, in fact, tell him to answer questions even though he said he did not want to; they made promises to get him help (with a suggestion that it was help unrelated to the hospital);

8

and they played upon his emotions and the fact that he became so upset in pleading with him to "put things on the table." These tactics rendered his statements involuntary.

For reasons previously discussed, this objection is overruled. Any statements made by defendant to law enforcement were entirely voluntary. The Court agrees with the magistrate judge's findings with respect to this issue.

6. Contrary to the Magistrate's conclusions, Klynsma asserts that his statements were taken against his rights, were not voluntary and should be suppressed.

This objection is overruled.

Based upon the foregoing discussion, it is hereby

ORDERED that the magistrate judge's report and recommendations (Docket #55) is adopted in its entirety.

IT IS FURTHER ORDERED that defendant's objections to the report and recommendations (Docket #57) are overruled.

IT IS FURTHER ORDERED that defendant's motion to suppress (Docket #42) is denied.

Dated September 21st, 2009.

BY THE COURT:

_____
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

9